IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| State Farm Mutual Automobile Insurance Company | ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. ) |
| Dewar & Co. LLC, and Louis C. Smith, Jr. | ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the plaintiff, State Farm Mutual Automobile Insurance Company ("State Farm") and for its Complaint for declaratory judgment alleges and states as follows:

1. Plaintiff, State Farm, is an Illinois Corporation authorized to conduct the business of insurance in the State of Kansas.

2. Defendant, Dewar & Co. LLC (Dewar & Co.) is a Missouri limited liability company doing business in the State of Kansas.

3. On information and belief Defendant, Louis C. Smith Jr. ("Smith"), is a citizen of the State of Kansas.

4. State Farm brings this declaratory judgment action pursuant to 28 U.S.C. §2201 et seq. and Rule 57 of the Federal Rules of Civil Procedure.

5. This court has jurisdiction over this action pursuant to 28 U.S.C. §1332 in that the parties are citizens of different states and matter in controversy exceeds $75,000.

6. Venue is appropriate pursuant to 28 U.S.C. §1391.

7. An actual case and controversy of a justiciable nature exists between the parties under the insurance contract issued by State Farm to Dewar & Co.

### *The Accident and Underlying Litigation*

8. On July 7, 2015 Bruce E. Coon alleges that he was injured when he was thrown from the bed of a pickup truck operated by defendant, Louis Smith Jr., and owned by Dewar & Co. (hereinafter the "Accident").

9.  At the time of the accident both Mr. Coon and Mr. Smith were employed by Dewar & Co. and working within the scope of their employment for Dewar & Co.

10. Mr. Coon has filed a lawsuit for personal injury in the District Court of Wyandotte County, Kansas styled Bruce E. Kuhn v. Lewis C. Smith Jr. and Dewar & Co. LLC, Case No. _____. In that petition Mr. Coon alleges that his injuries were caused by Mr. Smith's negligence and the company's negligent entrustment of the work vehicle to Mr. Coon.

11. A copy of the Petition for the Mr. Coon's lawsuit is attached as Exhibit A.

### *The Insurance Policy*

12. The insurance policy which is the subject of this declaratory judgment action is an automobile policy, Policy No. 1347218- FO4-16A, with the policy period of June 4, 2015 through December 4, 2015 (hereinafter "Policy"). The automobile specifically covered under the Policy is a 1997 Ford F150 pickup truck, vehicle ID number 1TF18W5VKD41677. A true and correct copy of the Policy is attached hereto as Ex. B.

13. The pickup truck covered under the Policy is the same pickup truck involved in the Accident.

14. The pertinent insuring language of that policy reads as follows:

> **Insuring Agreement**
> 1.  *We* will pay:
>     a.  damages an *insured* becomes legally liable to pay because of:
>         1.  *bodily injury* to others;…

15. The following pertinent definitions from the Policy reads as follows:

> ***Bodily Injury*** means bodily injury to a ***person*** and sickness, disease or death that results from it.
>
> ***You*** or ***Your*** means, except in Personal Injury Protection Coverage, the named insured or named insureds shown on the Declarations Page.…
>
> ***Your Car*** means the vehicle shown under YOUR CAR on the Declarations Page.

16. Under the Policy the term ***Insured*** means:
    1.  *you*… for:
        a.  the ownership, maintenance, or use of:
            (1) *your car*; …

          . . . . . .

    2.    . . . . .

    3.    any other *person* for his or her use of:
        a.    *your car*.

17.    The Policy contains the following exclusions:

    THERE IS NO COVERAGE FOR AN *INSURED*:

    1.    . . . .
    2.    . . . .
    3.    FOR *BODILY INJURY* TO THAT *INSURED'S* EMPLOYEE WHICH ARISES OUT OF THAT EMPLOYEE'S EMPLOYMENT.…
    4.    FOR *BODILY INJURY* TO THAT *INSURED'S* FELLOW EMPLOYEE WHILE THE FELLOW EMPLOYEE IS IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT.

### First Cause of Action (Declaratory Relief)

18.    The Policy does not provide coverage for the claims made by Mr. Coon against either Mr. Smith or Dewar & Co.

19.    Exclusion No. 3, quoted above, excludes coverage for Mr. Coon's claims against Dewar & Co. because Mr. Coon was an employee of the insured, Dewar & Co. and the accident arose out of Mr. Coon's employment.

20.    Because Mr. Smith was in the course of his employment at the time of the accident, he is considered an insured under the policy. Therefore, at the time of the accident, Mr. Coon was a "fellow employee" of Mr. Smith and Mr. Coon's claim against him is excluded by the "Fellow Employee" Exclusion No. 4, quoted above.

21.    Despite there being no coverage for Mr. Coon's claims, State Farm is currently providing a defense for both Mr. Smith and Dewar & Co.

22.    State Farm is entitled to a declaration from this court that there is no coverage for Mr. Coon's claims against Mr. Smith and Dewar & Co. and that State Farm has no duty to defend Mr. Smith or Dewar & Co. in the lawsuit filed by Mr. Coon against them.

### Prayer for Relief

Wherefore, State Farm prays for judgment as follows:

a.    With respect to the First Cause of Action, declaring that State Farm owes no coverage obligation to Dewar & Co., Lewis C. Smith or anyone, including any defense or indemnity, with respect to the Coon action;

b.    For other relief as the Court may deem appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff requests a trial by jury on all issues so triable.

       Respectfully submitted,


       */s/ David E. Rogers*
       David E. Rogers         #13320
       Foulston Siefkin LLP
       1551 N. Waterfront Parkway, Suite 100
       Wichita, Kansas 67206-4466
       316-291-9708
       866-347-5133 (fax)
       drogers@foulston.com